IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Dollie Means, | ) |
|    Plaintiff, | ) ) ) |
| v. | ) No. 09 C 4800 |
| Encore Receivable Management, Inc., a Kansas corporation, | ) ) ) ) |
|    Defendant. | )   Jury Demanded |

## COMPLAINT

Plaintiff, Dollie Means, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for that violation, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Dollie Means ("Means"), is a citizen of the State of North Carolina, from whom Defendant attempted to collect a delinquent consumer debt, owed to Dell Financial Services, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Encore Receivable Management, Inc. ("Encore"), is a Kansas corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts throughout the nation, including throughout the State of Illinois. In fact, Encore was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Means.

5. Defendant Encore is licensed as a debt collection agency in the State of Illinois. See, record from the Illinois Division of Professional Regulation, attached as Exhibit A.

6. Moreover, Defendant Encore is licensed to do business in the State of Illinois, and maintains a registered agent within the State of Illinois. See, record from the Illinois Secretary of State, a copy of which is attached as Exhibit B.

**FACTUAL ALLEGATIONS**

7. Ms. Means is a senior citizen who fell behind in paying her bills. One such debt she was unable to pay was a debt she owed to Dell Financial Services. This debt became delinquent, and eventually, Defendant Encore began collection actions relative to that debt. Accordingly, Ms. Means sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program -- a nationwide program to protect seniors and disabled persons in financial difficulties, where those persons have virtually no assets, and their limited income is protected from collections.

8. On May 4, 2009, an attorney at LASPD wrote a letter to Defendant Encore, advising Encore that Ms. Means was represented by counsel, and directing Encore to cease contacting Ms. Means, and to cease all further collection activities,

because Ms. Means was forced, by her financial circumstances, to refuse to pay her debts. A copy of this letter and the fax confirmation are attached as Exhibit C.

9. Nonetheless, Defendant Encore sent a collection letter, dated May 11, 2009, directly to Ms. Means, demanding payment of the Dell Financial Services debt. A copy of this letter is attached as Exhibit D.

10. Accordingly, on July 7, 2009, Ms. Means' LASPD attorney had to send Defendant Encore yet another letter, directing it to cease communicating with Ms. Means. A copy of this letter and the fax confirmation are attached as Exhibit E.

11. All of the collection actions at issue occurred within one year of the date of this Complaint.

12. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Collections**

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

15. Here, Plaintiff Means, through her agent, told Defendant Encore to cease communications/collections, and that, because she could no longer afford to pay her debts, she was forced to refuse to pay same. By continuing to communicate regarding

this debt and demanding payment, Defendant Encore violated § 1692c(c) of the FDCPA.

16. Defendant Encore's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. <u>See</u>, 15 U.S.C. § 1692c(a)(2).

19. Defendant Encore knew that Ms. Means was represented by counsel in connection with her debts because her attorneys had informed Encore, in writing (Exhibit <u>C</u>), that she was represented by counsel, and had directed Defendant Encore to cease directly communicating with Ms. Means. By directly contacting Ms. Means, via the May 11, 2009 letter (Exhibit <u>D</u>), despite being advised that she was represented by counsel, Defendant Encore violated § 1692c(a)(2) of the FDCPA.

20. Defendant Encore's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Dollie Means, prays that this Court:

4

1. Find that Defendant Encore's debt collection practices violated the FDCPA;

2. Enter judgment in favor of Plaintiff Means, and against Defendant Encore, for damages, costs, and reasonable attorneys' fees, as provided for by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Dollie Means, demands trial by jury.

        Dollie Means,

        By: /s/ David J. Philipps
        One of Plaintiff's Attorneys

Dated: August 5, 2009

David J. Philipps   (Ill. Bar No. 06196285)
Mary E. Philipps   (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com